■ EDWARD KURTZ et al., Respondents, v EVELYN WASSERMAN et al., Appellants, et al., Defendant. [732 NYS2d 886] —In an action, *inter alia,* for dissolution of a partnership, the defendants Evelyn Wasserman, Alexander Wasserman, George Clark, and Anthony Marino appeal from stated portions of an order of the Supreme Court, Nassau County (Alpert, J.), dated January 18, 2000. By letter dated October 18, 2001, counsel for the appellants notified this Court that the appeal, which was scheduled to be on the calendar for November 13, 2001, had been rendered academic and was being withdrawn. The stipulation of discontinuance of the underlying action is dated June 6, 2001, and makes reference to a "stipulation and consent order" dated April 3, 2001.

Ordered that the appeal is dismissed as withdrawn, without costs or disbursements; and it is further,

Ordered that the parties or their counsel are directed to show cause why an order should or should not be made and entered imposing such sanctions and/or costs, if any, against the parties or their respective counsel pursuant to 22 NYCRR 670.2 (g) as this Court may deem appropriate, by each filing an affirmation or affidavit on that issue in the office of the Clerk of this Court and serving one copy of the same on all parties to the action on or before December 11, 2001.

Section 670.2 (g) of the rules of this Court provides, in relevant part, that "[i]f a cause or the underlying action is wholly or partially settled * * * the parties or their counsel shall immediately notify the court," and "[a]ny attorney or party who, without good cause shown, fails to comply with the requirements of this subdivision shall be subject to the imposition of such costs and/or sanctions as the court may direct" (22 NYCRR 670.2 [g]).

The Clerk of this Court, or his designee, is directed to serve counsel for the respective parties with a copy of this decision and order by regular mail. Ritter, J. P., Krausman, Goldstein and S. Miller, JJ., concur.